■ GEER DU BOIS & Co., INC., Respondent, v. O. M. SCOTT & SONS COMPANY (INC.), Appellant.— Order, entered October 5, 1966, unanimously modified, on the law, to grant defendant's motion for summary judgment to the extent of dismissing the first cause of action, and order otherwise affirmed, without costs or disbursements to either party. Inasmuch as the "Halts" advertisement prepared by the plaintiff was not published in the national magazine media, the cause of action is not maintainable as one to recover the agreed upon compensation, namely, "fifteen (15 percent of the produc-

tion billings and space costs" of the advertisement. Nor is the cause of action maintainable to recover damages for the alleged breach of the express contract on the theory that the defendant, after the alleged approval and acceptance of the advertisement for publication, in bad faith and without justification, refused to authorize publication of the same. The plaintiff claims that the approval of the advertisement for publication purposes was implied in that the defendant lithographed it, displayed it and circulated it among its salesmen and in that, allegedly, a budget had been established by the defendant for the publication of a "Halts" advertisement. Under the circumstances, however, these actions of the defendant do not tend to establish that it had accepted the plaintiff's particular advertisement for publication in the national magazine media. The record here contains no evidentiary data to support plaintiff's contention that defendant's refusal to publish plaintiff's advertisement was wrongful or unjustified; there is no issue of fact in this connection. A cause of action would not be made out merely by proof that the defendant contemplated the publication of the advertisement but eventually decided not to do so. Concur — Stevens, J. P., Eager, Tilzer, McNally and Witmer, JJ.